IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

MICHAEL ALMOND, JR.,

    Plaintiff,

V.                                          CIVIL ACTION NO. 3:05-0713

MR. SEA, Counselor,
Western Regional Jail,
MR. KETCHUM, Supervisor,
Western Regional Jail,

    Defendants.

## MEMORANDUM ORDER

While an inmate at the Western Regional Jail, plaintiff, Michael Almond, Jr., submitted an "Inmate Request"[1] to a correctional counselor, the defendant Jason Sea, advising that he needed "copies of the foregoing papers (x2) and an envelope w/postage w/which to mail them to my atty (Richard Hollicker (A) as well do I need normal envelopes 9x12 manilla for Raymond Keener, ① Putnam Co. Court Clerk, ② Kanawha Co. Court Clerk ③ Municipal Court Charleston ④ Charleston Police Dept/Records ⑤ ASAP, have been waiting. Thank you." In his response to the request, dated the same day, Sea advised plaintiff that the "[l]etters were mailed to Attorney's Hollicker and Keener, Putnam Co, Kanawha Co, and Municipal Court in Charleston. Charleston Police Dept. is not considered legal mail so no mail was sent there." Asserting that, "instead of mailing manilla

---

[1]The facts with respect to the request and the response of the defendant Sea are taken from plaintiff's complaint, the only verified document submitted by him in this case.

envelope contents specifically intended only for [his] defense counsel," his information was "mailed to all those for which I ask or requested addressed envelopes," plaintiff filed the present action under the provisions of 42 U.S.C. § 1983. In his complaint he states that he seeks "damages for neglect - resulting in a breech (sic) of client-lawyer confidentiality ... ." The case is presently pending before the Court on motion of defendants for summary judgment, responses filed by plaintiff and defendant's reply.

Accepting as true the verified facts set forth in the complaint, it is clear that plaintiff has not established any basis for relief. Relief under § 1983 is available for deprivation of "rights secured by the Constitution and laws of the United States," West v. Atkins, 487 U.S. 42, 48 (1988); however, as the Court pointed out in Clutchett v. Rushen, 770 F.2d 1469, 1471 (9th Cir. 1985), "[s]tanding alone the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right." A violation of constitutional dimensions occurs only if it is established that the breach has resulted in some detriment to a defendant in a criminal case, i.e., there exists "at least a realistic possibility of injury to [plaintiff] or benefit to the state ... ." Weatherford v. Bursey, 429 U.S. 545, 558 (1977). Though not specifically stated in the complaint, it is assumed that the material mailed by the defendant Sea concerned a pending criminal case.[2] Nothing pled or contained in the record, however, indicates that mailing the material has resulted in any detriment to plaintiff in a pending criminal case. Plaintiff has not asserted such, relying solely on the obviously inadvertent mailing to establish his claim. As the court held in Weatherford, however, the simple fact that the privilege may have, as plaintiff alleges, been breached is not sufficient to sustain a cause of action

---

[2]Plaintiff states that the material was for his "defense ... counselor" and says that the envelope mailed to the Putnam County Circuit Clerk went to "the Putnam County Courthouse wherein the prosecutor for my case worked."

under § 1983. Recognizing that defendants acts at most involve negligence, in the absence of any basis for a claim under the Sixth Amendment, there remains only the Due Process Clause. With respect to a due process claim, however, the "elementary lesson" derived from the Supreme Court's decision in Daniels v. Williams, 474 U.S. 327 (1986) is "that negligent deprivations of life, liberty or property are not actionable under § 1983 ... ." Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995).

Based on the foregoing, the Court will grant the motion of defendants for summary judgment and dismiss this action, and it is so **ORDERED**.

The Clerk is directed to transmit a copy of this Memorandum Order to plaintiff and all counsel of record.

ENTER: September 28, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE